UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN S.,[1]

                                                  Plaintiff,        Case # 24-CV-505-FPG

v.                                                                                   DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                  Defendant.
_____

## INTRODUCTION

Plaintiff John S. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 9. For the reasons that follow, the Commissioner's motion is DENIED, Plaintiff's motion is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

In June 2021, Plaintiff protectively applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 248. He alleged disability since May 16, 2021. Tr. 259. Plaintiff's claim was initially denied on December 9, 2021, and upon reconsideration on April 18, 2022. Tr. 10. On July 17, 2023, Administrative Law Judge Joshua Pinkus ("the ALJ") held a hearing. Tr. 36–84.

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 4.

1

Following the hearing, the ALJ issued a decision finding that Plaintiff is not disabled on July 26, 2023. Tr. 7–28. On March 27, 2024, the Appeals Council denied Plaintiff's request for review. Tr. 1–6. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the

claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

**I.   The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 12. At step two, the ALJ found that Plaintiff had the following severe impairments:

left eye blindness (status-post retinal detachments), residuals of acoustic neuroma, and generalized anxiety disorder. Tr. 12. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any Listings impairment. Tr. 14.

Next, the ALJ determined that Plaintiff retains the RFC to perform a full range of work at all exertional levels, but with several non-exertional limitations, including that Plaintiff can have no interaction with the general public, occasional interaction with co-workers, and frequent interaction with supervisors. Tr. 16. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 22. At step five, the ALJ found that given his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. Tr. 22. Accordingly, the ALJ concluded that Plaintiff is not disabled. Tr. 23.

## II.   Analysis

Plaintiff argues that remand is warranted because, *inter alia*, the ALJ's findings with respect to Plaintiff's mental RFC were unsupported by substantial evidence. ECF No. 6-1 at 8–9. Specifically, he argues that the ALJ erred by finding that Plaintiff could have no interaction with the public, occasional interaction with co-workers, and frequent interaction with supervisors because the ALJ failed to cite any evidence to explain why Plaintiff could have different levels of interaction with each group. *Id.* Because the Court agrees, it need not address Plaintiff's other arguments.

The ALJ found that Plaintiff had a moderate limitation in interacting with others. Tr. 14. However, the ALJ found none of the opinion evidence as to Plaintiff's mental health persuasive. Tr. 20. As for the consultative opinions of P. Roy-Petrick and L. Dekeon, who both opined that Plaintiff had non-severe anxiety and obsessive-compulsive disorder, the ALJ found the opinions

4

unpersuasive because they did not adequately account for Plaintiff's subjective complaints and because there was evidence received after the opinions that showed that Plaintiff had severe anxiety as determined. Tr. 20. As for the consultative opinion of Dr. Santarpia, who found that Plaintiff had a moderate and at times marked limitation in interacting adequately with supervisors, co-workers, and the public, the ALJ found that opinion unpersuasive because Dr. Santarpia's findings did not support the mental limitations that she found and because the overall record documented that Plaintiff's anxiety is controlled. Tr. 20. Finally, the ALJ rejected the opinion of Dr. Cleary, a treating physician who opined that Plaintiff had a number of disabling limitations, because it was inconsistent with the medical evidence of record given that Plaintiff's examinations were essentially normal, with conditions generally described as stable and asymptomatic. Tr. 21.

The RFC contained a number of mental limitations, including that Plaintiff "can have no interaction with the general public, occasional interaction with co-workers, and frequent interaction with supervisors." Tr. 16. The only rationale the ALJ gave for all of the mental limitations is that the treating medical evidence of record during the period at issue showed Plaintiff's anxiety as being stable without the use of medication and mental status examinations essentially within normal limits. Tr. 21. Further, the ALJ noted that while there were some reports of anxiety at his most recent appointment, there was no triggering event, and Plaintiff was again described as stable. Tr. 21. The ALJ concluded that he had accounted for any issues handling stress or dealing with people in Plaintiff's RFC by prophylactically considering Plaintiff's anxiety when it is severe at times. Tr. 21.

Specific limitations included in an RFC, like the RFC as a whole, "must be based on evidence in the record, not on an 'ALJ's own surmise.'" *Wouters v. Comm'r of Soc. Sec.*, No. 19-CV-610, 2020 WL 2213896, at *2 (W.D.N.Y. May 7, 2020). Thus, where an ALJ includes a highly

5

In this case, the Court cannot discern how the ALJ arrived at the RFC findings related to Plaintiff's interactions with others. First, the ALJ's rationale for the RFC determination, to the extent there is one, is contradictory. The ALJ first found that Plaintiff had a moderate limitation in interacting with others and rejected P. Roy-Petrick's and L. Dekeon's opinions that Plaintiff had non-severe anxiety, reasoning that the opinions did not adequately account for Plaintiff's subjective complaints and there was evidence received after the opinions that showed that Plaintiff had severe anxiety. Tr. 14, 20. However, next, the ALJ rejected the more limiting opinions of Drs. Santarpia and Cleary, reasoning that their opinions were inconsistent with the overall record, which documented that Plaintiff's anxiety is controlled. Tr. 20–21. Finally, the ALJ purported to prophylactically account for Plaintiff's anxiety in the RFC, which he noted at times can be severe. Tr. 21. Based on these inconsistent assertions, the Court cannot decipher what conclusion the ALJ reached as to the severity of Plaintiff's anxiety, making it impossible to discern his rationale for the RFC.

Second, the ALJ cites no evidence as to why he believes that the RFC accounts for any issues Plaintiff has interacting with others. The ALJ rejected all of the opinion evidence and instead relied on treating records that demonstrated that Plaintiff's anxiety is controlled. Tr. 20–21. Nevertheless, the ALJ concluded that Plaintiff has severe anxiety at times and concluded that he should prophylactically consider Plaintiff's anxiety when crafting the RFC. Tr. 21. However, the ALJ never explains what evidence supports his finding that Plaintiff's anxiety is severe at times. Further, nowhere in the decision does the ALJ cite any evidence to explain why Plaintiff's severe anxiety at times limits Plaintiff to only occasional interaction with coworkers and no interaction with the public but allows him to have frequent interactions with supervisors. Absent the identification of such evidence, remand is warranted because the Court cannot ensure "meaningful

judicial review." *See Luke H.*, 2020 WL 4346789, at *4 (holding that while in some cases a distinction in the RFC as to the ability to interact with the general public, co-workers, and supervisors is appropriate, when the ALJ fails to build a logical bridge from the evidence to the conclusion remand is warranted); *Jaleesa H. v. Comm'r of Soc. Sec.*, 580 F. Supp. 3d 1, 8–9 (W.D.N.Y. 2022) (holding that remand was warranted where it was unclear from the written determination why the ALJ determined that Plaintiff could occasionally interact with the public and frequently interact with co-workers and supervisors); *Laurie Ann P. v. Comm'r of Soc. Sec.*, No. 21-CV-6382, 2023 WL 2259806, at *5 (W.D.N.Y. Feb. 28, 2023) (holding that remand was warranted where the ALJ failed to distinguish how Plaintiff could have frequent interactions with supervisors, but only occasional interaction with co-workers and the public despite finding that Plaintiff had moderate difficulty interacting with others).

Due to the contradictory conclusions as to the severity of Plaintiff's anxiety and the ALJ's failure to cite any evidence to support his RFC determination as to interacting with others, the Court cannot conduct a meaningful review, as the decision raises the specter that the ALJ arbitrarily constructed the RFC or "interpreted the medical evidence based on [his] own lay judgment—both of which constitute error." *McGirr v. Comm'r of Soc. Sec.*, No. 19-CV-1004, 2020 WL 3467416, at *2 (W.D.N.Y. June 25, 2020). Further, the ALJ's error is not harmless because if, on remand, the ALJ reaches a different conclusion as to Plaintiff's ability to interact with others, it is possible that sufficient jobs would not be available in the national economy, and the ALJ would be compelled to determine that Plaintiff is disabled within the meaning of the SSA. Consequently, the ALJ's decision is reversed, and the matter is remanded to the Commissioner for further proceedings.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is DENIED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 6) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 9, 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York